J-S40023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TROY VINCENT | : | |
| | : | |
| Appellant | : | No. 2410 EDA 2017 |

Appeal from the PCRA Order June 8, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0011466-2011

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 27, 2018**

Appellant, Troy Vincent, appeals, *pro se*, from the order of June 8, 2017, which dismissed without a hearing his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims he received ineffective assistance of counsel.  We affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  On March 29, 2009, Appellant shot and killed the victim, Lamont Watts, outside of the Pro Lounge Bar in Philadelphia, Pennsylvania.  (**See** Trial Court Opinion, 1/23/14, at 2).  The testimony at trial demonstrated that the victim was drinking in the bar and stated to an acquaintance that he was going to hit Appellant, who was standing outside the bar, in retaliation for Appellant's alleged mistreatment of his ex-girlfriend, Angel Townsville.  (**See** N.T. Trial,

_____
*   Retired Senior Judge assigned to the Superior Court.

12/17/12, at 97-100, 116, 119-120). The victim exited the bar and punched Appellant, who then drew a gun and fired seven shots, three of which hit the victim, killing him. (**See id.** at 20, 27, 33, 119-20). A video camera recorded the entire incident. The Commonwealth presented the video at trial. (**See id.** at 54-72). Appellant fled the jurisdiction immediately after the incident and was ultimately apprehended on December 15, 2011 in San Diego, California. (**See id.** at 80).

A non-jury trial took place on December 17-18, 2012. At trial, the Commonwealth stated that both it and the defense wished to call Angel Townsville as a witness because she was an eyewitness to the incident and could explain the motive of the crime. However, Ms. Townsville was no longer residing at her previous address and the Commonwealth was unable to locate her. (**See id.** at 4-9). Following the close of the Commonwealth's case, an on-the-record colloquy took place in which Appellant formally rejected a plea offered to him by the Commonwealth, stated that he did not wish to testify at trial, and agreed with defense counsel's strategy of not calling any witness on his behalf. (**See** N.T. Trial, 12/18/12, at 91-99).

At the close of trial, the court found Appellant guilty of murder in the third degree, and related weapons offenses.[1] (**See id.** at 138).

---

[1] 18 Pa. C.S.A. §§ 2502(c), 6106(a)(1), 6108, and 907(a), respectively.

On May 29, 2013, the trial court sentenced Appellant to an aggregate term of incarceration of not less than eighteen nor more than thirty-six years. Appellant filed a timely appeal. On December 23, 2014, this Court affirmed the judgment of sentence. (*See Commonwealth v. Vincent*, 116 A.3d 696 (Pa. Super. 2014)). The Pennsylvania Supreme Court denied leave to appeal on April 28, 2015. (*See Commonwealth v. Vincent*, 114 A.3d 1040 (Pa. 2015)).

On April 20, 2016, Appellant, acting *pro se*, filed the instant, timely PCRA petition. The PCRA court appointed counsel who subsequently filed a motion to withdraw as counsel accompanied by a *Turner/Finley* letter[2] on February 19, 2017. On May 5, 2017, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response to the Rule 907 notice. On June 8, 2017, the court denied Appellant's PCRA petition and granted PCRA counsel's motion to withdraw. On July 6, 2017, Appellant filed a timely notice of appeal.[3] On August 4, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. *See*

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted).

Pa.R.A.P. 1925(b). Appellant filed a timely statement on August 14, 2017.

*See id.* On October 26, 2017, the court issued an opinion.

On appeal, Appellant raises the following question for our review.

1. Was trial counsel ineffective for not investigating and presenting evidence establishing that the shooting arose out of [Appellant's] relationship with his ex-girlfriend[?]

2. Did the Commonwealth commit a **Brady** [**v. Maryland**, 373 U.S. 83 (1963)] violation by failing to provide the defense with evidence related to [Appellant's] relationship with his ex-girlfriend[?]

3. Did the [trial c]ourt impose an illegal sentence in violation of **Alleyne v. United States**, [570 U.S. 99 (2013)] and one which was in excess of the statutory maximum and the applicable sentence guideline range[?]

4. Was trial counsel ineffective for advising Appellant to reject a plea offer[?]

5. Was trial counsel ineffective for failing to interview and call witnesses to testify concerning the relationship between [Appellant's] girlfriend and the victim, which prejudiced [Appellant] because, had they been called to testify, it would have resulted in a verdict of voluntary manslaughter[?]

6. Whether the [PCRA] court erred in failing to issue an [o]pinion upon dismissal of the PCRA and, [whether] the [Superior C]ourt has the authority to consider it[?]

7. Was PCRA counsel ineffective in relying on nothing more than the quarter sessions file, correspondence, and notes of testimony[?]

(Appellant's Brief, at 1-2).

We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order

is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

Preliminarily, we note that on appeal Appellant has waived his fourth claim, ineffective advice to reject a plea offer. In his brief, Appellant concedes that there is no merit to the issue as presented in his statement of the questions involved. (*See* Appellant's Brief, at 1, 5). Therefore, we deem Appellant's fourth issue abandoned, and we have no need to address it.

In Appellant's first and fifth issues, he claims he received ineffective assistance of counsel. (*See id.* at 3-4, 6-7). Specifically, Appellant argues that counsel failed to properly investigate and call witnesses that would have supported defenses of either heat-of-passion or self-defense. (*See id.*). We disagree.

It is well-settled that to obtain relief under the PCRA on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* (citation omitted). This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was

prejudiced by counsel's act or omission. **See id.** at 532-33; **see also Strickland v. Washington**, 466 U.S. 668, 687 (1984).

A finding of "prejudice" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" **Strickland**, **supra** at 669. In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether a petitioner met the first two prongs. **See Commonwealth v. Travaglia**, 661 A.2d 352, 357 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004) (citation omitted).

Appellant contends that trial counsel was ineffective for failing to call five witnesses. (**See** Appellant's Brief, at 3-4, 6-7). However, our review of the record demonstrates that Appellant failed to properly preserve this claim in the PCRA court, and therefore, for the reasons discussed below, it is waived.

In order to show that trial counsel was ineffective in failing to present certain witnesses, Appellant must demonstrate

> the existence of and the availability of the witnesses, counsel's actual awareness, or duty to know, of the witnesses, the willingness and ability of the witnesses to cooperate and appear on the defendant's behalf and the necessity for the proposed

testimony in order to avoid prejudice. Moreover, Appellant must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case.

*Commonwealth v. Gibson*, 951 A.2d 1110, 1133-34 (Pa. 2008) (citations and quotation marks omitted). Appellant has not met this standard.

Appellant did not attach any statement or other documentation from the witnesses to his PCRA petition; in fact, he did not even mention the names of the witnesses in his petition. Further, Appellant did not provide any information regarding the substance of their proposed testimony.[4] (*See* Petition for Post-Conviction Relief, 4/20/16, at pages 1-10; PCRA Memorandum, 4/30/16, at unnumbered pages 1-7). Appellant never states that trial counsel was aware of the existence of these witnesses. (*See id.*). Lastly, Appellant never explains how the testimony of these witnesses would have proved beneficial to his case. (*See id.*). Thus, Appellant failed to set forth in his PCRA petition the ineffectiveness analysis required by *Strickland*. *See Strickland*, *supra* at 687. Because Appellant did not

---

[4] While Appellant does append various police statements of Hugh Durant, Sr., Hakeem Plummer, Edgar Allen, James Best, and Zachary Justice, to his brief, those documents were not submitted to the PCRA court and are not contained in the certified record, thus we may not consider them. *See Jahanshahi v. Centura Development Co., Inc.*, 816 A.2d 1179, 1183 (Pa. Super. 2003); *D'Ardenne v. Strawbridge and Clothier, Inc.*, 712 A.2d 318, 326 (Pa. Super. 1998), *appeal denied*, 734 A.2d 394 (Pa. 1998). This Court has continually stated that copying material and attaching it to the brief does not make it a part of the certified record. *See First Union Nat. Bank v. F.A. Realty Investors Corp.*, 812 A.2d 719, 724 n.3 (Pa. Super. 2002); *In re M.T.*, 607 A.2d 271, 275 (Pa. Super. 1992).

establish any of the three prongs, we must deem counsel's assistance constitutionally effective. *See Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (holding that where appellant fails to address any of three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective).

Further, even if this were not the case, the record reflects that, at trial, Appellant agreed with defense counsel's strategy of not calling any witnesses. (*See* N.T. Trial, 12/18/12, at 98-99). This Court has held that "[a] defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel." *Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa. Super. 2000), *appeal denied*, 781 A.2d 141 (Pa. 2001); *see also*, *Commonwealth v. Paddy*, 800 A.2d 294, 315-16 (Pa. 2002) (holding that defendant who acquiesced with strategy not to call witnesses at trial cannot make claim for ineffective assistance of counsel on that basis). Thus, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.[5]

---

[5] Moreover, the claim is without merit. As the PCRA court explains in its findings, the issue of Angel Townsville and her role in the incident was thoroughly explored at trial, and three of the witnesses mentioned by Appellant, Hakeem Plummer, Hugh Durant, Sr. and Edgar Allen, testified at trial and were extensively cross-examined by trial counsel. (*See* N.T.
*(Footnote Continued Next Page)*

In his second claim, Appellant argues that the Commonwealth withheld exculpatory evidence. (*See* Appellant's Brief, at 4-5). Specifically, Appellant claims that "the prosecution withheld material evidence and interview records of Nicole Mat[t]hews and the "mother" of Edgar Allen, whom [sic] would give testimony that Angel Town[s]ville had been openly instigating the conflict between [Appellant] and Watts, the decedent. Ms. Town[s]ville had been heavily involved in manipulating both men in order to pit one against the other for her own devi[c]es." (Appellant's Brief, at 4) (record citation omitted). Appellant argues that this constituted a *Brady* violation. We disagree.

This Court has explained:

> In *Brady*, the United States Supreme Court held: "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, *supra* at 87. . . . In sum, there are three necessary components to demonstrate a *Brady* violation: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Commonwealth v. Causey*, 833 A.2d 165, 170 (Pa.Super. 2003), *appeal denied*, 577 Pa. 732, 848 A.2d 927 (2004).
>
> > Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Hearing, 5/05/17, at 5-9; N.T. Trial, 12/17/12, at 103-14, 133-45; N.T. Trial, 12/18/12, at 87-89).

been different. The question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. As **Brady** and its progeny dictate, when the failure of the prosecution to produce material evidence raises a reasonable probability that the result of the trial would have been different if the evidence had been produced, due process has been violated and a new trial is warranted. **Id.** (internal citations and quotation marks omitted).

**Commonwealth v. Harris**, 884 A.2d 920, 931-32 (Pa. Super. 2005), *appeal denied*, 928 A.2d 1289 (Pa. 2007). It is Appellant's burden to show the evidence was suppressed or withheld by the prosecution. **See Commonwealth v. Spotz**, 18 A.3d 244, 276 (Pa. 2011).

Prior to addressing the merits of this claim, we must first determine if it is properly before us. The only claims Appellant raised on direct appeal concerned the weight and sufficiency of the evidence. (**See Commonwealth v. Vincent**, No. 1926 EDA 2009, unpublished memorandum at *1-2 (Pa. Super. filed Dec. 23, 2014)). Thus, because this claim could have been raised on direct appeal, but was not, it is waived. **See** 42 Pa.C.S.A. § 9544(b).[6]

---

[6] In the instant matter, Appellant does not mention when he learned about the alleged **Brady** violation and does not contend that it constitutes newly discovered evidence within the meaning of 42 Pa.C.S.A. § 9545(b)(1)(ii) and (b)(2). We note that the record at trial reveals that the defense was aware that Commonwealth witness Edgar Allen was related to both Angel Townsville and Nicole Matthews and cross-examined him regarding the contention that Ms. Townsville tried to persuade Nicole Matthews to fight

*(Footnote Continued Next Page)*

In his third claim, Appellant argued in his statement of the questions involved that his sentence is illegal because it violated the United States Supreme Court's decision in **Alleyne**, **supra**. (**See** Appellant's Brief, at 1). However, Appellant abandons this claim in the body of his brief and, instead, argues that his sentence is illegal because his sentence for carrying a firearm in Philadelphia and possession of an instrument of crime should have merged with his sentence for firearms not to be carried without a license. (**See id.** at 5). We disagree.

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence." **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009). We have stated:

> The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary. Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law.

**Commonwealth v. Williams**, 871 A.2d 254, 262 (Pa. Super. 2005) (citations and quotation marks omitted). Section 9765 of the Judicial Code, which governs the merger of sentences, provides:

_(Footnote Continued)_ _____

Appellant on her behalf. (**See** N.T. Trial, 12/17/12, at 103-14). Thus, Appellant does not and cannot claim that he was unaware of Ms. Townsville's involvement in the matter and her attempts to induce other individuals to fight Appellant on her behalf. Therefore, Appellant's **Brady** claim is waived because it could have been raised on direct appeal and was not.

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. When interpreting Section 9765, our Supreme Court has directed that the courts apply an elements-based test when determining questions of merger at the time of sentencing:

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other. . . .

*Baldwin*, *supra* at 837 (footnote omitted). We have explained:

[T]he threshold question is whether Appellant committed one solitary criminal act. The answer to this question does not turn on whether there was a break in the chain of criminal activity. Rather, the answer turns on whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.] If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a volume discount on crime[.]

*Commonwealth v. Orie*, 88 A.3d 983, 1020 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (quotation marks and citation omitted).

Here, our Supreme Court has specifically held that the charge of carrying a firearm on the public streets of Philadelphia does not merge with the charge of carrying a firearm without a license because each of the statutes contains elements that the other does not. *See Baldwin*, *supra* at

833-34. Moreover, this Court has held that these statutes do not merge with possession of an instrument of crime for purposes of sentencing. ***See Commonwealth v. Kull***, 405 A.2d 1300, 1302 (Pa. Super. 1979), *overruled on other grounds by **Commonwealth v. Campbell***, 505 A.2d 262, 264 (Pa. Super. 1986), *appeal denied*, 536 A.2d 1327 (Pa. 1987). Thus, Appellant's challenge to the legality of sentence lacks merit and there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.

In Appellant's sixth issue, he contends that the PCRA court failed to comply with Pennsylvania Rule of Criminal Procedure 907. (***See*** Appellant's Brief, at 7). We disagree.

Pennsylvania Rule of Criminal Procedure provides in pertinent part:

Except as provided in Rule 909 for death penalty cases,

    (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

    (2) A petition for post-conviction collateral relief may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law.

- 14 -

* * *

    (4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(1)(2) and (4).

In the instant matter, the record reflects that the trial court issued a Rule 907 notice on May 5, 2017. That notice advised Appellant that the court intended to dismiss the petition without a hearing and that Appellant had an opportunity to respond within twenty days. (**See** Rule 907 Notice, 5/05/17, at 1). The notice also informed Appellant that his attorney had filed a **Turner**/**Finley** letter and that the PCRA court had reviewed the case and accepted the letter. The record also reflects that counsel had served a copy of the **Turner**/**Finley** letter on Appellant. (**See** Motion to Withdraw as Counsel, 2/19/17, at 2). Appellant elected not to respond to the Rule 907 notice.

Thus, the record shows that the PCRA court complied with all requirements of Rule 907. Moreover, by failing to file a response to the notice, Appellant has waived any challenge to its adequacy. **See Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007) (holding that failure to object to missing Rule 907 notice waives issue on appeal); **Commonwealth v. Edmiston**,

851 A.2d 883, 889 (Pa. 2004) ("Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal to this Court.") (citation omitted). Appellant's sixth issue is both waived and lacking in merit.

In Appellant's seventh and final issue, he contends that he received ineffective PCRA counsel. (**See** Appellant's Brief, at 7-8). He specifically contends that counsel did not consult with him and did an insufficient investigation of the evidence. (**See id.**). However, Appellant has waived his claim of ineffective assistance of PCRA counsel because he did not raise the claim in the PCRA court in response to a Rule 907 notice. **See Commonwealth v. Smith**, 121 A.3d 1049, 1056 (Pa. Super. 2015), *appeal denied*, 136 A.3d 981 (Pa. 2016) (holding that defendant waived his right to raise claims of ineffective assistance of PCRA counsel by not responding to Rule 907 notice).[7]

Accordingly, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

---

[7] Even if Appellant had properly preserved the claim of ineffectiveness of PCRA counsel, he would be entitled to no relief as he failed to demonstrate that any of his underlying PCRA claims warranted relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18